987 So.2d 65 (2008)
In re AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE.
No. SC08-1214.
Supreme Court of Florida.
July 10, 2008.
Robyn L. Vines of Ruden McClosky, Chair, Family Law Rules Committee, Fort Lauderdale, Florida, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Family Law Rules Committee (Committee) has filed a "Fast-Track Report to Implement 2008 Legislative Changes to Equitable Distribution." The Committee proposes amendments to the Florida Family Law Rules of Procedure that conform the rules and forms to recent legislation. We have jurisdiction. *66 See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
Under the Committee's "fast-track" procedure for considering new legislation, the Committee proposes amendments to rule 12.285 (Mandatory Disclosure), and forms 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings) and 12.932 (Certificate of Compliance with Mandatory Disclosure).[1] The Executive Committee of the Florida Bar Board of Governors approved the proposals by a vote of 10-0.
The amendments are in response to chapter 2008-46, section 1, Laws of Florida,[2] which, as relevant here, adds new subsection (11) to section 61.075, Florida Statutes. The new subsection abolishes all "claims formerly identified as special equity" and requires that such claims "be asserted either as a claim for unequal distribution of marital property ... or as a claim of enhancement in value or appreciation of nonmarital property." Ch. 2008-46, § 1, Laws of Fla.
After considering the Committee's proposals and reviewing the relevant legislation, we amend rule 12.285 and forms 12.930(b) and 12.932, as reflected in the appendix to this opinion. New language in the rule is underscored, and deleted language is struck through. The forms are fully engrossed and ready for use. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 12.285. MANDATORY DISCLOSURE
(a)-(c) [No Change]
(d) Parties Disclosure Requirements for Initial or Supplemental Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys fees, suit money, or costs:
(1)-(14) [No Change]
(15) All documents and tangible evidence supporting the producing party's claim of special equity or nonmarital status of an asset or debtthat an asset or liability is nonmarital, for enhancement or appreciation of nonmarital property, or for an unequal distribution of marital property. The documents and tangible evidence produced *67 shall be for the time period from the date of acquisition of the asset or debt to the date of production or from the date of the marriage, if based on premarital acquisition.
 (16) [No Change]
 (e)-(l) [No Change]
 Commentary
 [No Change]
 Committee Notes
 [No Change]

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.

Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
*68 You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(c). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
_________________________________________________
 Petitioner,
 and
_________________________________________________
 Respondent.
 STANDARD FAMILY LAW INTERROGATORIES
 FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
 TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
I am requesting that the following standard questions be answered: [ &check; all that apply]
 ______ 1 ________ 2 ______ 3 _______ 4 _______ 5 _______ 6 ______ 7
 Background Education Employment Assets Liabilities Miscellaneous Long Form
 Information Affidavit
 In addition, I am requesting that the attached {#} _______________ questions be answered.
 The answers to the following questions are intended to supplement the information provided in the
Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer
the group of questions indicated in the above shaded box. The questions should be answered in the blank
space provided below each separately numbered question. If sufficient space is not provided, you may
attach additional papers with the answers and refer to them in the space provided in the interrogatories.
You should be sure to make a copy for yourself. Each question must be answered separately and as
completely as the available information permits. All answers are to be made under oath or affirmation as
to their truthfulness.
*69
I, {name of person answering interrogatories} _________________________, being sworn, certify that
the following information is true:
1. BACKGROUND INFORMATION:
 a. State your full legal name and any other name by which you have been known.
 b. State your present residence and telephone numbers.
 c. State your place and date of birth.
2. EDUCATION:
 a. List all business, commercial, and professional licenses that you have obtained.
 b. List all of your education including, but not limited to, vocational or specialized training, including
 the following:
 (1) name and address of each educational institution.
 (2) dates of attendance.
 (3) degrees or certificates obtained or anticipated dates of same.
3. EMPLOYMENT:
 a. For each place of your employment or self-employment during the last 3 years, state the following:
 (1) name, address, and telephone number of your employer.
 (2) dates of employment.
 (3) job title and brief description of job duties.
 (4) starting and ending salaries.
 (5) name of your direct supervisor.
 (6) all benefits received, including, for example, health, life, and disability insurance; expense
 account; use of automobile or automobile expense reimbursement; reimbursement for travel, food,
 or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing
 plans.
 b. Other than as an employee, if you have been engaged in or associated with any business,
 commercial, or professional activity within the last 3 years that was not detailed above, state for each
 such activity the following:
 (1) name, address, and telephone number of each activity.
 (2) dates you were connected with such activity.
 (3) position title and brief description of activities.
 (4) starting and ending compensation.
 (5) name of all persons involved in the business, commercial, or professional activity with you.
 (6) all benefits and compensation received, including, for example, health, life, and disability
 insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement
 for travel, food, or lodging expenses; payment of dues in any clubs or associations; and
 pension or profit sharing plans.
 c. If you have been unemployed at any time during the last 3 years, state the dates of unemployment.
 If you have not been employed at any time in the last 3 years, give the information requested above
 in question 3.a for your last period of employment.
4. ASSETS:
 a. Real Estate. State the street address, if any, and if not, the legal description of all real property
 that you own or owned during the last 3 years. For each property, state the following:
 (1) the names and addresses of any other persons or entities holding any interest and their
 percentage of interest.
*70
 (2) the purchase price, the cost of any improvements made since it was purchased, and the amount
 of any depreciation taken.
 (3) the fair market value on the date of your separation from your spouse.
 (4) the fair market value on the date of the filing of the petition for dissolution of marriage.
 b. Tangible Personal Property. List all items of tangible personal property that are owned by you
 or in which you have had any interest during the last 3 years including, but not limited to, motor
 vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair
 market value exceeds $100. For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any interest.
 (3) the date you acquired your interest.
 (4) the purchase price.
 (5) the present fair market value.
 (6) the fair market value on the date of your separation from your spouse.
 (7) the fair market value on the date of the filing of the petition for dissolution of marriage.
 c. Intangible Personal Property. Other than the financial accounts (checking, savings, money
 market, credit union accounts, retirement accounts, or other such cash management accounts) listed
 in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that
 are owned by you or in which you have had any ownership interest (including closed accounts) within
 the last 3 years, including but not limited to, partnership and business interests (including good will),
 deferred compensation accounts unconnected with retirement, including but not limited to stock
 options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate
 investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by
 another entity or person. For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any interest and the names
 and addresses of the persons and entities who are indebted to you.
 (3) the date you acquired your interest.
 (4) the purchase price, acquisition cost, or loaned amount.
 (5) the fair market value or the amounts you claim are owned by or owed to you:
 (a) presently, at the time of answering these interrogatories.
 (b) on the date of your separation from your spouse.
 (c) on the date of the filing of the petition for dissolution of marriage.
 You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly,
 quarterly, semi-annual, or annual) account statements for each such account for the preceding
 3 years. However, if the date of acquisition, the purchase price and the market valuations are
 not clearly reflected in the periodic statements which are furnished then these questions must
 be answered separately. You do not have to resubmit any periodic statements previously
 furnished under rule 12.285 (Mandatory Disclosure).
 d. Retirement Accounts: List all information regarding each retirement account/plan, including but
 not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement
 System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit
 sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been
 established for you by you, your employer, or any previous employer. For each account, state the
 following:
*71
 (1) the name and account number of each account/plan and where it is located.
 (2) the type of account/plan.
 (3) the name and address of the fiduciary plan administrator/service representative.
 (4) the fair market value of your interest in each account/plan.
 (a) present value
 (b) value on the date of separation
 (c) value on the date of filing of the petition for dissolution of marriage
 (5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and
 the schedule of future vesting.
 (6) the date at which you became/become eligible to receive some funds in this account/plan.
 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 (8) beneficiary(ies) and/or alternate payee(s).
 e. Financial Accounts. For all financial accounts (checking, savings, money market, credit union
 accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you
 have had any legal or equitable interest, regardless of whether the interest is or was held in your own
 name individually, in your name with another person, or in any other name, give the following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the accounts.
 (5) highest balance within each of the preceding 3 years.
 (6) lowest balance within each of the preceding 3 years.
 You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly,
 quarterly, semi-annual, or annual) account statements for each such account for the preceding
 3 years. You do not have to resubmit account statements previously furnished pursuant to rule
 12.285 (Mandatory Disclosure).
 f. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit
 union accounts, or other such cash management accounts) closed within the last 3 years, in which you
 have had any legal or equitable interest, regardless of whether the interest is or was held in your own
 name individually, in your name with another person, or in any other name, give the following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the accounts.
 (5) date account was closed.
 g. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
 (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one
 the following:
 (a) identification of the estate, trust, insurance policy, or annuity.
 (b) the nature, amount, and frequency of any distributions of benefits.
 (c) the total value of the beneficiaries' interest in the benefit.
 (d) whether the benefit is vested or contingent.
 (2) If you have established any trust or are the trustee of a trust, state the following:
 (a) the date the trust was established.
 (b) the names and addresses of the trustees.
 (c) the names and addresses of the beneficiaries.
 (d) the names and addresses of the persons or entities who possess the trust documents.
 (e) each asset that is held in each trust, with its fair market value.
*72
 h. Canceled Life Insurance Policies. For all policies of life insurance within the preceding 3 years
 that you no longer hold, own, or have any interest in, state the following:
 (1) name of company that issued the policy and policy number.
 (2) name, address, and telephone number of agent who issued the policy.
 (3) amount of coverage.
 (4) name of insured.
 (5) name of owner of policy.
 (6) name of beneficiaries.
 (7) premium amount.
 (8) date the policy was surrendered.
 (9) amount, if any, of monies distributed to the owner.
 i. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and
 telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial
 records, and state which records each possesses.
 j. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock boxes, vaults, or
 similar types of depositories, state the following:
 (1) The names and addresses of all banks, depositories, or other places where, at any time during
 the period beginning 3 years before the initiation of the action, until the date of your answering
 this interrogatory, you did any of the following:
 (a) had a safe deposit box, lock box, or vault.
 (b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
 (c) had access to a safe deposit box, lock box, or vault.
 (d) maintained property.
 (2) The box or identification numbers and the name and address of each person who has had
 access to any such depository during the same time period.
 (3) All persons who have possession of the keys or combination to the safe deposit box, lock box,
 or vault.
 (4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of
 depositories by you or your agent during that time, together with the present location and fair
 market value of each item.
 (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair
 market value of each item.
5. LIABILITIES:
 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other
 obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate
 for each the following:
 (1) name and address of the creditor.
 (2) name in which the obligation is or was incurred.
 (3) loan or account number, if any.
 (4) nature of the security, if any.
 (5) payment schedule.
 (6) present balance and current status of your payments.
 (7) total amount of arrearage, if any.
 (8) balance on the date of your separation from your spouse.
 (9) balance on the date of the filing of the petition for dissolution of marriage.
 You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly,
 quarterly, semi-annual, or annual) account statements for each such account for the preceding
 3 years. You do not have to resubmit account statements previously furnished under rule
 12.285 (Mandatory Disclosure).
*73
 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or
 other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable
 interest, regardless of whether the interest is or was held in your own name individually, in your
 name with another person, or in any other name, give the following:
 (1) name and address of the creditor.
 (2) name in which the account is or was maintained.
 (3) names of each person authorized to sign on the accounts.
 (4) account numbers.
 (5) present balance and current status of your payments.
 (6) total amount of arrearage, if any.
 (7) balance on the date of your separation from your spouse.
 (8) balance on the date of the filing of the petition for dissolution of marriage.
 (9) highest and lowest balance within each of the preceding 3 years.
 You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly
 quarterly, semi-annual, or annual) account statements for each such account for the preceding
 3 years. You do not have to resubmit account statements previously furnished under rule
 12.285 (Mandatory Disclosure).
 c. Closed Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge
 accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which
 you have had any legal or equitable interest, regardless of whether the interest is or was held in your
 own name individually, in your name with another person, or in any other name, give the following:
 (1) name and address of each creditor.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) names of each person authorized to sign on the accounts.
 (5) date the balance was paid off.
 (6) amount of final balance paid off.
 You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly,
 quarterly, semi-annual, or annual) account statements for each such account for the preceding
 3 years. You do not have to resubmit account statements previously furnished under rule
 12.285 (Mandatory Disclosure).
6. MISCELLANEOUS:
 a. If you are claiming an unequal distribution of marital property or enhancement or appreciation of
 nonmarital property, state the amount claimed and all facts upon which you rely in your claim.
 b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon
 which you rely in your claim.
 c. If the mental or physical condition of a spouse or child is an issue, identify the person and state
 the name and address of all health care providers involved in the treatment of that person for said
 mental or physical condition.
 d. If custody of minor children is an issue, state why, and the facts that support your contention that
 you should be the primary residential parent or have sole parental responsibility of the child(ren).
7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of
 Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard
 Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within
 the time to serve the answers to these interrogatories.
 I certify that a copy of this document was [ &check; one only] ( ) mailed ( ) faxed and mailed ( ) hand
delivered to the person(s) listed below on {date} _____________________.
Other party or his/her attorney:
Name: ____________________________________________
Address: _________________________________________
City, State, Zip: ________________________________
Fax Number: ______________________________________
*74
 I understand that I am swearing or affirming under oath to the truthfulness of the answers to
these interrogatories and that the punishment for knowingly making a false statement includes
fines and/or imprisonment.
Dated: ___________________________________________
 ___________________________________________
 Signature of Party
 Printed Name: _____________________________
 Address: __________________________________
 City, State, Zip: _________________________
 Telephone Number: _________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF ________________________________________
Sworn to or affirmed and signed before me on _____________________ by _________________.
 ___________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced __________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________,
a nonlawyer, located at {street} _____________________________, {city} ____________________,
{state} _________________, {phone} _______________________, helped {name} ___________________,
who is the [ &check; one only] _____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE

When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. Of the documents listed on this form, the financial affidavit and child support guidelines worksheet are the only documents *75 that must be filed with the court and sent to the other party; all other documents should be sent to the other party but not filed with the court. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary relief on or before 5:00 p.m., 2 business days before the hearing on temporary relief, or mail (postmark) them to the other party seeking temporary relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.

What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.

Special notes ...
You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified by order of the *76 judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
_________________________________________________
 Petitioner,
_________________________________________________
 and
_________________________________________________
 Respondent.
 CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
 I, {full legal name} ______________________________________, certify that I have complied with the
mandatory disclosure required by Florida Family Law Rule 12.285 as follows:
1. FOR TEMPORARY FINANCIAL RELIEF ONLY:
The date the following documents were served: __________________________________.
[&check; all that apply]
___ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
 ( ) Florida Family Law Rules of Procedure Form 12.902(b) (short form)
 ( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form)
___ b. ( ) All personal (1040) federal tax, gift tax, and intangible personal property tax returns for the
 preceding year; or
 ( ) Transcript of tax return as provided by IRS form 4506-T; or
 ( ) IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past
 year has not been prepared.
___ c. Pay stubs or other evidence of earned income for the 3 months before the service of the
 financial affidavit.
2. FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL RELIEF:
The date the following documents were served: __________________________________.
[&check; all that apply]
___ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
 ( ) Florida Family Law Rules of Procedure Form 12.902(b) (short form)
 ( ) Florida Family Law Rules of Procedure Form 12.902(c) (long form)
___ b. ( ) All personal (1040) federal and state tax income returns, gift tax returns, and intangible
 personal property tax returns for the preceding 3 years;
 ( ) IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past
 year has not been prepared.
___ c. Pay stubs or other evidence of earned income for the 3 months before the service of the
 financial affidavit.
___ d. A statement identifying the source and amount of all income for the 3 months before the
 service of the financial affidavit, if not reflected on the pay stubs produced.
*77
___ e. All loan applications and financial statements prepared for any purpose or used for any purpose
 within the 12 months preceding the service of the financial affidavit.
___ g. All periodic statements for the last 3 months for all checking accounts and for the last year for
 all savings accounts, money market funds, certificates of deposit, etc.
___ h. All brokerage account statements for the last 12 months.
___ i. Most recent statement for any pension, profit sharing, deferred compensation, or retirement
 plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for
 any such plan in which I am a participant or alternate payee.
___ j. The declaration page, the last periodic statement, and the certificate for any group insurance
 for all life insurance policies insuring my life or the life of me or my spouse.
___ k. All health and dental insurance cards covering either me or my spouse and/or our dependent
 child(ren).
___ l. Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an
 ownership or interest greater than or equal to 30%.
___ m. All credit card and charge account statements and other records showing my (our) indebtedness
 as of the date of the filing of this action and for the prior 3 months. All promissory notes
 on which I presently owe or owned within the past year. All lease agreements I presently owe.
___ n. All premarital and marital agreements between the parties to this case.
___ o. If a modification proceeding, all written agreements entered into between the parties at any
 time since the order to be modified was entered.
___ p. All documents and tangible evidence relating to claims for an unequal distribution of marital
 property, enhancement or appreciation in nonmarital property, or nonmarital status of an asset
 or debt.
___ q. Any court order directing that I pay or receive spousal support (alimony) or child support.
I certify that a copy of this document was [&check; one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered
to the person(s) listed below on {date} ______________________________________________.
 I understand that I am swearing or affirming under oath to the accuracy of my compliance with
the mandatory disclosure requirements of Fla. Fam. L. R. P. 12.285 and that, unless otherwise
indicated with specificity, this disclosure is complete. I further understand that the punishment
for knowingly making a false statement or incomplete disclosure includes fines and/or imprisonment.
Other party or his/her attorney:
Name: _____________________________________________
Address: __________________________________________
City, State, Zip: _________________________________
Fax Number: _______________________________________
Dated: ____________________________________________
 ___________________________________________
 Signature of Party
 Printed Name: _____________________________
 Address: __________________________________
 City, State, Zip: _________________________
 Telephone Number: _________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF ________________________________________
Sworn to or affirmed and signed before me on _____________________ by _________________.
 ___________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced __________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________,
*78
a nonlawyer, located at {street} _____________________________, {city} ____________________,
{state} _________________, {phone} _______________________, helped {name} ___________________,
who is the [&check; one only] _____ petitioner or ____ respondent, fill out this form.
NOTES
[1] The Committee also proposes several technical changes to the forms, which we adopt.
[2] Chapter 2008-46 went into effect July 1, 2008. See ch. 2008-46, § 3, Laws of Fla.
[3] An original and nine paper copies of all comments must be filed with the Court on or before September 8, 2008, with a certificate of service verifying that a copy has been served on the committee chair, Robyn L. Vines, 200 E. Broward Blvd., Fort Lauderdale, Florida XXXXX-XXXX, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until September 29, 2008, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).