PER CURIAM.
The Florida Bar’s Family Law Rules Committee (Committee) has filed a “Fast-Track Report to Implement 2008 Legislative Changes to Equitable Distribution.” The Committee proposes amendments to the Florida Family Law Rules of Procedure that conform the rules and forms to recent legislation. We have jurisdiction. *66 See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
Under the Committee’s “fast-track” procedure for considering new legislation, the Committee proposes amendments to rule 12.285 (Mandatory Disclosure), and forms 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings) and 12.932 (Certificate of Compliance with Mandatory Disclosure).[1] The Executive Committee of the Florida Bar Board of Governors approved the proposals by a vote of 10-0.
The amendments are in response to chapter 2008-46, section 1, Laws of Florida,[2] which, as relevant here, adds new subsection (11) to section 61.075, Florida Statutes. The new subsection abolishes all “claims formerly identified as special equity” and requires that such claims “be asserted either as a claim for unequal distribution of marital property ... or as a claim of enhancement in value or appreciation of nonmarital property.” Ch. 2008-46, § 1, Laws of Fla.
After considering the Committee’s proposals and reviewing the relevant legislation, we amend rule 12.285 and forms 12.930(b) and 12.932, as reflected in the appendix to this opinion. New language in the rule is underscored, and deleted language is struck through. The forms are fully engrossed and ready for use. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3] ■
It is so .ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 12.285. MANDATORY DISCLOSURE
(a)-(c) [No Change]
(d) Parties Disclosure Requirements for Initial or Supplemental Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys fees, suit money, or costs:
(1)-(14) [No Change]
(15) All documents and tangible evidence supporting the producing party’s claim of special-equity-or-nonmaritaLstatas of an-asset-or-debtthat an asset or liability is nonmarital, for enhancement or appreciation of nonmarital property, or for an unequal distribution of marital property. The documents and tangible evidence pro *67 duced shall be for the time period from the date of acquisition of the asset or debt to the date of production or from the date of the marriage, if based on premarital acquisition.
(16) [No Change]
(e)-(i) [No Change]
Commentary
[No Change]
Committee Notes
[No Change]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a),. to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
*68 You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(c). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*69 [[Image here]]
*70 [[Image here]]
*71 [[Image here]]
*72 [[Image here]]
*73 [[Image here]]
*74 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932, CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. Of the documents listed on this form, the financial affidavit and child support guidelines worksheet are the only docu *75 ments that must be filed with the court and sent to the other party; all other documents should be sent to the other party but not filed with the court. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary relief on or before 5:00 p.m., 2 business days before the hearing on temporary relief, or mail (postmark) them to the other party seeking temporary relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.
What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and child support guidelines worksheet. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.
Special notes ...
You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).
Any portion of the mandatory disclosure rule may be modified by order of the *76 judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
[[Image here]]
*77 [[Image here]]
*78 [[Image here]]

. The Committee also proposes several technical changes to the forms, which we adopt.

. Chapter 2008-46 went into effect July 1, 2008. See ch. 2008-46, § 3, Laws of Fla.

. An original and nine paper copies of all comments must be filed with the Court on or before September 8, 2008, with a certificate of service verifying that a copy has been served on the committee chair, Robyn L. Vines, 200 E. Broward Blvd., Fort Lauder-dale, Florida 33301-1963, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until September 29, 2008, to file a response to any comments filed 'with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).