PER CURIAM.
 

 William Foley [“Husband”] appeals the equitable distribution contained in the final judgment
 
 [1]
 
 of the dissolution of his marriage to Hariclia Foley [“Wife”].
 

 When Husband and Wife were married in 1994, both owned real property. Wife owned a condominium in St. Augustine Beach, where she was living. Husband owned a home in Orlando on Telegraph Hill and an interest in a rental property on Pacific Heights Circle. After the marriage, the couple lived in the Telegraph Hill home and kept the condominium as a rental. The income and expenses of the condominium were handled through their joint bank account. In 2001, they paid off Wife’s pre-existing mortgage on the condominium. Husband sold the Pacific Heights and Telegraph Hill properties and the proceeds were deposited in the joint account. Eventually, the parties built a new marital home on Cypress Isle Court in Orlando. In 2002, the Foleys placed a $110,000 mortgage on the condominium to obtain funds to start a business and make home improvements. At that time, Wife transferred title to the condominium into their names jointly.
 

 The sole issue on appeal concerns the trial court’s decision to make an unequal distribution of the condominium property, which the trial court designated a “special equity” in the condominium. From what we can glean from the order, the trial court appears to have done this simply because Wife had owned the property at the time of the marriage and it was titled solely in her name until 2002. There is no doubt, however, that this property was a marital asset. Wife does not even dispute this point. She simply suggests that having sole title until 2002 gives her the right to a “special equity.” We disagree and reverse.
 

 Equitable distribution of a marital asset should be equal, unless legally sufficient justification for an unequal distribution is given based on the relevant statutory factors. § 61.075(1), Fla. Stat. (2007);
 
 see Hitchcock v. Hitchcock,
 
 992 So.2d 436 (Fla. 4th DCA 2008). In this case, the trial court made numerous non-controversial factual findings and then offered only two reasons for the unequal distribution. First, the trial court said that it could treat the condominium as a non-marital asset of Wife, but we can envision no basis for that conclusion given the way this property was used. It lost any non-marital character early in the marriage. Second, the trial court said Wife was entitled to a “special equity” because she held sole record title until 2002, but title alone is insufficient to support a “special equity.”
 
 [2]
 
 In this case,
 
 *1033
 
 there is simply no fact or circumstance, such as improvements to the property with Wife’s non-marital funds, that would warrant unequal distribution of the condominium, just as there are no facts that would warrant a special equity in the properties owned by Husband that were brought into the marriage and also became assets of the marriage.
 

 REVERSED and REMANDED.
 

 GRIFFIN, TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . Obtaining an appealable final order in this case was a tortuous process requiring multiple relinquishments to the trial court because the trial court had entered multiple "final” judgments disposing of some of the issues in the case, but leaving others unresolved, most notably, child support. The first of these was titled "Final Order Regarding Child-Related Matters,” but it only dealt with residential and visitation issues. We lack the power and the inclination to review multiple orders disposing of the various components of a dissolution of marriage case on a piecemeal basis. In the last remand, the parties were eventually able to obtain an order on child support and a sort of jerry-rigged omnibus order that we accept as the equivalent of a final judgment. As if to prove the wisdom of our view of this issue, the eventual disposition of the child support issue altered the previously-ordered equitable distribution by almost $8,000.
 

 [2]
 

 . In the 2008 amendments to section 61.075, a "special equity” was abolished in favor of the concept of "unequal distribution of a marital asset.”
 
 In Re Amendments to the Florida Family Law Rules of Procedure,
 
 987 So.2d 65 (Fla.2008).