BENTON, J.
 

 We have for review a dissolution decree finding a special equity in favor of the former wife, Bonny P. Davis, in the marital home to which, when the dissolution petition was filed, the parties held title as tenants by the entireties. Here as below, the former husband, Terry M. Davis, contends that the ruling on special equity was error. We reverse and remand for equitable distribution without regard to any special equity in favor of either party.
 

 Under section 61.075(5)(a)(5.), Florida Statutes (2007), it was presumed that real property the parties to a dissolution proceeding held as tenants by the entireties was a marital asset, even where the real property was originally the sole property of one of the parties to the marriage. Before the statute was amended to abolish special equity outright,
 
 see
 
 Ch. 08-46, § 1, at 738, Laws of Fla. (now codified as § 61.075(11), Fla. Stat. (2009)), it placed the burden on the party asserting a claim of special equity to prove an absence of donative intent in the event of an inter-spousal conveyance: “The party claiming a special equity and seeking to have the property declared a non-marital asset ... has the burden of overcoming this presumption by proving that a gift was not intended.”
 
 Robertson v. Robertson,
 
 593 So.2d 491, 494 (Fla.1991);
 
 see also Stough v. Stough,
 
 933 So.2d 603, 607 (Fla. 1st DCA 2006) (same). This presumption, which went unacknowledged in the decree under review, was not overcome here.
 

 The former wife argues that the distribution of marital property was equitable nevertheless and should be affirmed for that reason. But we “conclude that the record in this case will not permit us to affirm on this alternate basis.”
 
 Meyer v. Meyer,
 
 25 So.3d 39, 42 (Fla. 2d DCA 2009).
 
 See Robertson v. State,
 
 829 So.2d 901, 909 (Fla.2002) (holding that where defendant “never received an opportunity to present evidence or make argument” on an alternative theory, “the Third District improperly relied upon the ‘tipsy coachman’ doctrine”). The decree under review contained no findings on statutory factors that could support the unequal distribution of marital property for any reason(s) other than the special equity on which the trial court improperly relied.
 

 “Equitable distribution of a marital asset should be equal, unless legally sufficient justification for an unequal distribution is given based on the relevant statutory factors.”
 
 Foley v. Foley,
 
 19 So.3d 1031, 1032 (Fla. 5th DCA 2009);
 
 see also Stough v. Stough,
 
 18 So.3d 601, 604-05 (Fla. 1st DCA 2009) (reversing unequal distribution when factors upon which the trial court relied did not weigh in favor of an unequal distribution),
 
 rev. denied,
 
 26 So.3d 582 (Fla.2010). We therefore reverse the decree insofar as it distributes marital property, and remand with directions to treat the entire marital home as marital property — without any special equity in favor of either party — and to effect an equitable distribution of marital property accordingly.
 

 Reversed and remanded with directions.
 

 VAN NORTWICK and CLARK, JJ., concur.