PER CURIAM.
The Former Husband appeals the supplemental final judgment of dissolution of marriage and the post-judgment order on the Former Wife’s motion for contempt, enforcement, and sanctions.* We find mer *75 it only in the Former Husband’s argument that the trial court erred by not valuing the marital assets and liabilities distributed in the supplemental final judgment. Accordingly, on that issue, we reverse and remand for the trial court to make specific findings on the value of the marital assets and liabilities, and if necessary based on those findings, to either reconsider the distribution scheme in the supplemental final judgment or make additional findings to support an unequal distribution. We find no merit in the other issues raised by the Former Husband.
Section 61.075(3), Florida Statutes (2014), requires the trial court to make specific written findings of fact to support its distribution of the parties’ marital assets and liabilities, including findings on the values of the assets and liabilities. Without such findings, the appellate court is unable to conduct a meaningful review of the distribution ordered by the trial court. See Shoffner v. Shoffner, 744 So.2d 1157, 1157-58 (Fla. 1st DCA 1999).
Here, the trial court specifically identified the significant marital assets and liabilities and specified which spouse received them. The court did not, however, make the required written findings concerning the valuation of these assets and liabilities. Without such findings, we are unable to determine whether the distribution ordered by the trial court was equal, but it appears that the distribution favored the Former Wife. Specifically, based on the values listed in the parties’ financial affidavits, it appears that the Former Wife received between $179,793 and $202,406 in net assets while the Former Husband received between negative $8,614 and negative $17,270 in net assets.
The trial court has the authority to order an unequal distribution of marital assets and liabilities. See § 61.075(1), Fla. Stat. However, if it does so, the court must provide specific written findings justifying the unequal distribution. Id.; Wagner v. Wagner, 61 So.3d 1141, 1143 (Fla. 1st DCA 2011); Davis v. Davis, 32 So.3d 743, 744 (Fla. 1st DCA 2010). Here, the supplemental final judgment contains no findings to justify what appears to be an unequal distribution of the marital assets and liabilities.
Accordingly, we reverse the distribution of the marital assets and liabilities in the supplemental final judgment and remand for the trial court to (1) make specific findings on the values of the marital assets and liabilities distributed to each party, and (2) either reconsider the distribution scheme to equally distribute the marital assets and liabilities, or make specific findings to justify an unequal distribution. We affirm the supplemental final judgment in all other respects, and we also affirm the contempt order.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
B.L. THOMAS, WETHERELL, and M.K. THOMAS, JJ., CONCUR.

 The appeal of the supplemental final judgment is Case No. 1D15-4201, and the appeal of the contempt order is Case No. 1D15-4613. We previously consolidated the cases for record and travel purposes, and we now consolidate them for disposition and any post-disposition motions.