NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MAUREEN KING,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D18-1179
                                       )
STETSON WILKIE KING,                   )
                                       )
          Appellee.                    )
                                       )
_____)

Opinion filed May 22, 2019.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Mark A. Neumaier, Tampa, for Appellant.

Stetson King, pro se.


KELLY, Judge.

          Maureen King, the former wife, appeals from the final judgment dissolving

the parties' five-year marriage.[1]  She correctly argues that the trial court abused its

_____

          [1]Review of this case is hampered by the failure of the parties to have a
court reporter at the final hearing. In the absence of a transcript or a statement of the
evidence, this court may only review the final judgment for an error of law apparent on
the face of the judgment.  Silverman v. Silverman, 940 So. 2d 615, 616 (Fla. 2d DCA
2006). Unfortunately, the final judgment in this case contains scant findings for this court
to review.  See Santiago v. Santiago, 51 So. 3d 637, 639 (Fla. 2d DCA 2011) (stating
that the lack of findings precludes meaningful appellate review).

discretion in awarding Stetson King, the former husband, the marital home without making findings to support the uneven distribution of marital assets.

"The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence." Guida v. Guida, 870 So. 2d 222, 224 (Fla. 2d DCA 2004); see also § 61.075(3), Fla. Stat. (2016). Section 61.075(1), provides that the distribution of assets and liabilities "should be equal, unless there is a justification for an unequal distribution." If the trial court makes an unequal distribution, it must articulate the reasons justifying the disparity. Franklin v. Franklin, 988 So. 2d 125, 126 (Fla. 2d DCA 2008).

The former wife contends that because the former husband purchased the home during the marriage, it is a marital asset and should have been part of the equitable distribution. See § 61.075(8) ("All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage . . . are presumed to be marital assets and liabilities. Such presumption is overcome by a showing that the assets and liabilities are nonmarital assets and liabilities."). The record confirms that the former husband purchased the house during the marriage and titled it in his own name. Because title alone is insufficient to support an unequal distribution of the property, Foley v. Foley, 19 So. 3d 1031, 1032 (Fla. 5th DCA 2009), the trial court should have made findings as to whether the house was a marital or nonmarital asset and stated its reasons for awarding the house solely to the former husband.

The former wife also argues that the trial court abused its discretion in denying her claim for an award of alimony. However, because this was a short-term marriage, the presumption against an award of alimony applies. See Kellerman v. Kellerman, 659 So. 2d 1390, 1390 (Fla. 3d DCA 1995) (stating that the parties' marriage

of less than seven years was a short-term marriage); see also Reeves v. Reeves, 821 So. 2d 333, 334 (Fla. 5th DCA 2002) (noting that a rebuttable presumption against awarding permanent alimony arises in the case of a short-term marriage). The record does not show that the former wife rebutted the presumption. In the final judgment, the court recited the factors it considered, including the duration of the marriage, the age and condition of the parties, and the contributions of the parties to the marriage, and found that the former wife was not entitled to alimony. We can discern no abuse of discretion in the court's decision from the face of the judgment.

Finally, the former wife contends that the trial court abused its discretion in denying her claim for an award of fees and costs. We note that the trial court did award the former wife $400 in "costs" but made no findings as to how it arrived at that amount. See Arena v. Arena, 103 So. 3d 1044, 1047 (Fla. 2d DCA 2013) ("Distinct findings regarding an award of fees in dissolution proceedings are imperative because a trial court's vague findings present an obstacle to meaningful appellate review.").

Accordingly, we reverse and remand for the trial court to make findings of fact to support its award of the home to the former husband or to reconsider the unequal distribution of the asset. The trial court must also make findings as to the former wife's motion for attorney's fees and costs.

Affirmed in part, reversed in part, and remanded with directions.


CASANUEVA and ATKINSON, JJ., Concur.

- 3 -